ALBERT D. WHITE, petitioner, *vs.* GILMAN L. BLAKE and others.

Oxford. Opinion February 24, 1883.

*Record, amendment of. Bond, judgment on. Practice. Costs.*

When in an action of debt on bond where judgment should have been for the amount of the penalty, it was by mistake of the clerk entered up for the amount of damages in that suit (for which execution was to be issued), the mistake is one which no lapse of time will divest the court of the power, or relieve it from the duty to correct, in furtherance of justice, whenever attention is called to it and it is made to appear that the plaintiff in that suit may have occasion to resort to *scire facias* upon that judgment for further damages.

In a petition for an amendment of the record to correct a clerical error, the petitioner is entitled to costs, when he prevails, only from the time of the appearance of the respondent in court to resist the petition.

ON REPORT.

Petition for the amendment of the clerk's record of a judgment rendered at the August term, 1862. Petition filed at the September term, 1881.

The opinion states the facts.

*Enoch Foster*, for the plaintiff, cited : *Philbrook* v. *Burgess*, 52 Maine, 275 ; *Hathaway* v. *Crosby*, 17 Maine, 449 ; Stat. 1821, c. 50, § 3 ; *Lewis* v. *Warren*, 49 Maine, 322 ; *Wood* v. *Leach*, 69 Maine, 561 ; *Piper* v. *Goodwin*, 23 Maine, 255 ; *Baker* v. *Moor*, 63 Maine, 446 ; *Bean* v. *Ayers*, 70 Maine, 431 ; *Caldwell* v. *Blake*, 69 Maine, 458 ; *Hall* v. *Williams*, 10 Maine, 288 ; *Hayford* v. *Everett*, 68 Maine, 507 ; *Lewis* v. *Ross*, 37 Maine, 230 ; *Rockland Water Co.* v. *Pillsbury*, 60 Maine, 425.

*R. A. Frye*, for the defendants.

The petitioner misapprehends the law applicable to the case at that time. Stat. 1821, c. 50, § 3, was modified by stat. 1830, c. 463. If the action had not been taken from the jury and they had found for the plaintiff, judgment would have been entered for the penal sum and the jury would have assessed the damages, as in *Philbrook* v. *Burgess*, 52 Maine, 275. In the case under consideration the intervention of a jury was obviated by the agreement of the parties. They made the court their referee without reserving right to except.

No authority can be found among the citations of plaintiff's counsel where an award made by the court as referee was ever amended.

Amendments of clerical errors are to be allowed or disallowed according as it is or is not in the furtherance of justice. *Hayford* v. *Everett*, 68 Maine, 508 ; *Lewis* v. *Ross*, 37 Maine, 234. Freeman, Judgments, §§ 74, 70.

But will not be allowed to express something the court did pronounce, although it ought to have been so pronounced. *McLean* v. *Stewart*, 21 N. Y. 472.

The court have no power to correct errors and omissions by treating them as clerical misprisions. *Gray* v. *Brignardello*, 1 Wall. 627 ; *Limerick, petitioners*, 18 Maine, 183 ; *Bank* v. *Moss*, 6 How. 31 ; *Sheppard* v. *Wilson*, 6 How. 260. See the Reporter, March 8, 1882. *Bronson* v. *Schulten*, 16 L. R. 416.

BARROWS, J. In 1861, the petitioner, then or formerly sheriff of the county, brought suit upon a bond given to him by the defendants in the penal sum of ten thousand dollars with condition that the same should be void if the principal, Gilman L. Blake, should faithfully perform his duties as a deputy sheriff under the plaintiff, and, among other things, should "save harmless the said [plaintiff] his heirs, executors and administrators from all suits, costs, damages and expenses whatsoever, by reason of the doings, wrongdoings or neglects of the said Blake, in the execution of his said office." The defendants made an offer of default and at the August term, 1862, the presiding judge assessed the plaintiff's damages at two hundred eighty-two dollars and twelve cents, and judgment was entered up for that sum and the taxable costs, and has been satisfied. In 1875, one Davis brought suit against the plaintiff upon a judgment originally rendered in 1859, in his favor, against the plaintiff, for the official neglect of Blake. This suit the plaintiff successfully defended upon the ground that the judgment had been paid by Blake; but the plaintiff's expenses in making the defence considerably exceeded the taxable costs which he recovered against Davis. In the present process he asks that there may be an amendment of the record of his judgment against Blake and his sureties, so that it may appear that he had judgment for the penalty of his bond, and he may thus be enabled on a *scire facias* to collect from Blake's sureties the expense he was at in defending the Davis suit brought in 1875. The respondents deny their liability for these expenses in any event, and further contend that the error if any was that of the court which assessed the damages, — that it is therefore too late to correct it after the close of the term, except by writ of error, the time for which has also gone by — and that the record exhibits nothing by which the correction asked for can be made.

Certainly there was error, either of the court or the recording officer in that judgment. It had then quite recently been determined by the court in *Lewis* v. *Warren*, 49 Maine, 325, in a carefully considered opinion, that with possibly a single exception (as to poor debtors' bonds in certain cases,)

we had no statute which authorized a judgment in actions of debt on bonds differing from that which must be rendered at common law. Hence in all cases of bonds with a penalty it was formerly always necessary in order to do justice between the parties, that the court should exercise a power which they had long had, under a succession of statutory enactments, to determine in equity how much the plaintiff was entitled to recover, and when this apparently resulted in just such judgments as that which the petitioner here seeks to have amended, it called forth the provincial act of 1735, chap. CLXXXIX, Ancient Charters, p. 499, under which the practice became settled (and except where modified by statute in particular cases it continues to the present time,) to enter judgment as at the common law for the full penalty, and award execution only for so much of the debt or damage as had become due or been sustained up to that time, and to permit the plaintiff to bring *scire facias* upon his judgment for further damages as they might accrue. And this course of proceeding was followed both in suits on bonds for the performance of covenants and agreements, and those with a condition of defeasance, although, in the former class, after the statute of 1830, chap. 463, and in some other cases by special statute provision, the damages were to be assessed by the jury, while in those where there was no special provision for such assessment by the jury, the power rested with the court. *Hathaway* v. *Crosby*, 17 Maine, 448 ; *Burbank* v. *Berry*, 22 Maine, 486 ; *Whitney* v. *Slayton*, 40 Maine, 232 ; *Lewis* v. *Warren*, *supra*.

The remark in *Philbrook* v. *Burgess*, 52 Maine, 277, that there can be in the case of bonds which are to be void upon conditions therein specified, "but one suit and one assessment of damages," is to be applied only to cases where all the damages accrue upon the first breach, or where, as in that case, there is a basis upon which *prospective* damages may be equitably and understandingly assessed by the court. Obviously no such assessment could be made upon such a bond as that here given by the defendants to the plaintiff. There might never be

another act of the deputy sheriff in his official capacity which would cause loss or expense to the sheriff; and, on the contrary the sheriff might be damaged through the deputy's future acts to the full amount of the penalty in the bond. The judgment was not such as could be legally entered up in the action. Was the error that of the court, or the recording officer?

The remarks of PETERS, J., in *Bean* v. *Ayers*, 70 Maine, 430 and 432, are apposite.

"The error is usually a clerical one." In the present case it cannot be doubted that it was so. The learned judge who presided at the term and to whom counsel on both sides refer with deserved respect, had shortly before taken part in the decision of *Lewis* v. *Warren, supra,* and knew perfectly well what the settled practice of the court was in such cases. But there was an offer of default and no controversy before him except as to the amount of damages. The judgment for the plaintiff was to be the legal judgment for the penalty, and doubtless the presiding judge gave the clerk the sum at which he assessed the damages and for which execution was to be issued. The clerk naturally assumed that that was the sum for which judgment should be entered up, as in most cases it would be, and thus the mistake occurred, — a mistake which no lapse of time will divest the court of the power (or relieve it from the duty,) to correct in furtherance of justice, whenever attention is called to it. *Lewis* v. *Ross,* 37 Maine, 235. Nor is it true that the record exhibits nothing by which the correction can be made. The law determines the amount of the judgment and that it shall be the amount of the penalty named in the bond declared on, and the cause of action being admitted by the default, the writ and docket entries of themselves furnish all necessary data. But the respondents urge that the correction is needless, because they say they are not responsible for the expenses incurred in defending the groundless suit of Davis against the plaintiff, brought in 1875. It is not necessary to decide now whether the petitioner can maintain *scire facias* for this cause, nor have we all the facts necessary for its proper determination. It is sufficient to entitle a petitioner in such a

case as this, to the correction of the record, if he shows that there *may* be occasion for him to resort to the *scire facias*.

As the question of respondent's liability for this expense, however, has been somewhat discussed by counsel, it may not be amiss to remark here, that the pivotal inquiry upon *scire facias* may be whether the judgment rendered against the plaintiff in 1859, for the official neglect of Blake, was or was not included in the assessment of the plaintiff's damages at the August term, 1862. If Blake had paid it before that time, there would be no occasion to include it. If it had not then been paid and *was* included in that assessment, (as it may or may not have been,) then, as between plaintiff and respondents, it would belong to plaintiff to pay it himself, and if he employed Blake as his agent to attend to this, the sureties would not be ·responsible for any remissness of Blake as to getting proper evidence of its discharge, which may have resulted in the suit on the judgment in which plaintiff prevailed,— because Blake's acts and omissions in such a contingency, would· not be his official doings, neglects or misdoings, for which alone his sureties would be liable. *Smith* v. *Berry*, 37 Maine, 298, 302. The success or failure of the suit against the sheriff is not the true test of respondents' liability. It must be ascertained whether the doings of the deputy, out of which the suit grew, were his official acts or merely individual contracts and undertakings; for upon the latter, though clearly connected with his office, his sureties would not be liable. *Smith* v. *Berry*, *supra*. And this, because the sheriff can in no event be liable for his deputy in such matters. *Dyer* v. *Tilton*, 71 Maine, 413. At present, we decide only that the record of the original judgment should be so amended as to show a judgment for the penalty of the bond, and an order that execution should issue for the sum at which the damages were assessed and the taxable costs; and this amendment may be substantially accomplished by a record of this petition and the proceedings thereon, and a marginal reference thereto which the clerk is hereby authorized to make upon the original record.

Touching the costs of this proceeding. It does not appear that it·was any fault of the respondents that a proper judgment was

not entered up. They are in the wrong in resisting the amendment. The petitioner may have only such taxable costs against them as have accrued since their appearance in court, and execution therefor.

*Prayer of petition granted in accordance herewith.*

APPLETON, C. J., DANFORTH, VIRGIN, PETERS and SYMONDS, JJ., concurred.